In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-2802

TIBERIU KLEIN,

*Plaintiff-Appellant,*

*v.*

DANIEL E. O'BRIEN, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 11008 — **Harry D. Leinenweber**, *Judge.*

ARGUED FEBRUARY 20, 2018 — DECIDED MARCH 9, 2018

Before WOOD, *Chief Judge*, and EASTERBROOK and
BARRETT, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* In 2002 a Greyhound bus
struck and killed Claudia Zvunca in Colorado. Her daughter, Cristina Zvunca, witnessed the accident. Cristina was
seven at the time. Now an adult, she is the administrator of
her mother's estate. In 2016 Cristina settled all claims against
Greyhound and other potentially responsible persons for
approximately $5 million. But Tiberiu Klein, who was Clau-

dia's husband at the time of the accident and is Cristina's stepfather, believes that Cristina allocated too much of the settlement to herself (via damages for emotional distress) and not enough to him or Claudia's estate, from which he would benefit. He contends in this federal suit under 42 U.S.C. §1983 that Cristina conspired with state judges, law firms, Greyhound, and just about anyone else who had anything to do with the accident or the litigation, to exclude him from financial benefits to which he claims entitlement.

Sixteen years is a long time to deal with an accident, but litigation in state court went off the rails when Klein sued as the purported administrator of Claudia's estate. This spawned a host of problems, for Klein had not been appointed as administrator. Eventually Klein and Cristina became co-administrators, but Klein was soon removed by a state judge, leaving Cristina in charge. That has not prevented Klein from continuing to describe himself as co-administrator of Claudia's estate—this very suit was filed using that false description—and from attempting to manage or block the tort litigation. The district judge's thorough opinion describes the many state-court suits and decisions. 2017 U.S. Dist. LEXIS 121233 at *3–8 (N.D. Ill. Aug. 1, 2017). Those details do not matter for current purposes.

Defendants asked the federal judge to dismiss this suit as barred by the *Rooker-Feldman* doctrine—the rule that only the Supreme Court of the United States has jurisdiction to review the decisions of state courts in civil litigation. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Klein did not ask the federal judge to set aside any particular state judgment; instead he wants damages for injury that he traces not

only to Claudia's death but also to events in or concerning the state litigation. But defendants contended that any federal suit whose issues overlap those in the state litigation must be dismissed.

Aware that the Supreme Court has understood the *Rooker-Feldman* doctrine as limited to federal proceedings that ask state judgments themselves to be changed, see, e.g., *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005); *Lance v. Dennis*, 546 U.S. 459 (2006); *Skinner v. Switzer*, 562 U.S. 521, 531–33 (2011), the district court addressed the merits rather than dismissing for lack of jurisdiction. See also *Milchtein v. Chisholm*, 880 F.3d 895 (7th Cir. 2018) (deprecating arguments that all matters intertwined with state cases are outside federal jurisdiction). Although the district court's opinion is long, it boils down to a simple proposition: if anything went wrong during the state litigation, the proper step is to ask the rendering court to modify its judgment to correct the problem. See, e.g., *Harris Trust & Savings Bank v. Ellis*, 810 F.2d 700, 705–06 (7th Cir. 1987); *Mains v. Citibank, N.A.*, 852 F.3d 669, 676–77 (7th Cir. 2017). Collateral litigation in federal court is blocked not only by principles of preclusion—Klein is bound by the state judiciary's decisions about what goes into Claudia's estate and whether Klein can act as the estate's administrator—but also by the rule articulated in *Rooker* that errors committed during the course of state litigation cannot be treated as federal constitutional torts:

> If the constitutional questions stated in the [federal suit] actually arose in the [state] cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate

> proceeding. Unless and until so reversed or modified, it would
> be an effective and conclusive adjudication.

263 U.S. at 415.

Because the district court dismissed the suit on the merits rather than for lack of jurisdiction, we expected Klein's brief to engage the merits. But it did not. Instead Klein argued at length that the *Rooker-Feldman* doctrine does not foreclose federal jurisdiction. Where's the beef? Instead of briefing issues decided in his favor, Klein had to brief those issues on which he lost. We do not think that he had much prospect of upsetting the district court's decision, but an appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success. All of Klein's federal contentions have been forfeited.

The long and tangled history of the wrongful-death litigation, which the district court's opinion recounts, has been caused by Klein's (or his lawyer's) inability or unwillingness to litigate as statutes and rules require. That in this suit Klein's attorney John Xydakis pretended that Klein is a co-administrator of Claudia's estate, then forfeited all of his client's substantive arguments, are just the latest manifestations of these problems. Xydakis also named himself as a plaintiff in this suit, though he has no conceivable standing to sue. The district court dismissed Xydakis's claim for lack of jurisdiction; after appealing on his own behalf as well as Klein's, Xydakis filed a brief ignoring the question whether he is entitled to litigate as a party. After oral argument Xydakis moved to dismiss himself as a litigant. We grant that motion but record the episode to show how far Klein and his lawyer have strayed from the norms of litigation.

When asked at oral argument why his brief addressed the *Rooker-Feldman* doctrine, on which Klein had prevailed, rather than the merits, on which he had lost, Xydakis told us that because the defendants invoked the *Rooker-Feldman* doctrine that *must* have been the district court's ground of decision, no matter what the judge's opinion said. That's nonsense. If Xydakis believed that the district judge erred in making a substantive decision in response to a jurisdictional motion, he should have asked the judge for an opportunity to brief the merits, or he might have contended on appeal that the judge erred by denying him that opportunity. Instead Xydakis chose to pretend that his client lost on a jurisdictional ground. Pretense gets a lawyer nowhere.

Just to be sure that this case *had* been decided on the merits rather than for lack of jurisdiction, we turned to the back of Klein's brief to find the judgment. It is not there, despite Circuit Rule 30(a), which requires the judgment to be attached to the appellant's brief, and Circuit Rule 30(d), which requires counsel to certify that all materials required elsewhere in Rule 30 have indeed been included. Xydakis so certified, falsely. At oral argument we asked him why; he did not explain. It soon became clear that Xydakis has no idea what a "judgment" is. The afternoon of oral argument he sent a letter to the court stating that he had been asked where the district court's "opinion" could be found and that it is attached to the brief. But he had been asked about the judgment, which under Fed. R. Civ. P. 58 is distinct from the opinion. We tracked down the judgment and found that it corresponds to the opinion: it resolves the suit in defendants' favor on the merits rather than dismissing, without prejudice, for lack of jurisdiction.

Klein and Xydakis have caused havoc in the tort litigation. They are not entitled to divert the time of federal judges, too, from the needs of more deserving litigants. Klein and Xydakis must understand that they have reached the end of the line in federal court. Any further federal litigation related to the 2002 accident, and the state suits to which it gave rise, will be penalized under Fed. R. Civ. P. 11(c), Fed. R. App. P. 38 and 46(b), (c), 28 U.S.C. §1927, and other sources of authority to deal with frivolous and repetitious suits.

AFFIRMED