NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted December 12, 2018
Decided January 22, 2019

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| Nos. 18-2977 & 18-3337 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| TIBERIU KLEIN, *Plaintiff-Appellant,* | |
| *v.* | No. 17 C 7177 |
| DAVID A. NOVOSELSKY, *et al.,* *Defendants-Appellees.* | Edmond E. Chang, *Judge.* |

**Order**

Last March this court affirmed a district court's order rejecting contentions—most of them repetitious, and many of them vexatious—that Tiberiu Klein has been asserting for more than a decade, arising from a 2002 accident. We ended with this admonition:

Klein and [his lawyer] have caused havoc in the tort litigation [in several state courts]. They are not entitled to divert the time of federal judges,

too, from the needs of more deserving litigants. Klein and [the lawyer] must understand that they have reached the end of the line in federal court. Any further federal litigation related to the 2002 accident, and the state suits to which it gave rise, will be penalized under Fed. R. Civ. P. 11(c), Fed. R. App. P. 38 and 46(b), (c), 28 U.S.C. §1927, and other sources of authority to deal with frivolous and repetitious suits.

*Klein v. O'Brien*, 884 F.3d 754, 757–58 (7th Cir. 2018).

We learned after the fact that "further litigation" was already pending. Despite our warning, Klein proceeded to prosecute it in the district court. After he lost, in a decision recognizing that it represented the sort of claims we had told Klein he must stop pursuing, see *Klein v. Novoselsky*, 2018 U.S. Dist. LEXIS 136071 (N.D. Ill. Aug. 13, 2018), Klein filed two appeals. Four days before his brief was due, he filed a motion asking us to vacate the district court's decision and remand with instructions to dismiss without prejudice for lack of complete diversity of citizenship. His evident goal was to pursue the same claims elsewhere.

We denied that motion, though without prejudice to renewal if the district court issued an indicative ruling under Circuit Rule 57. (We need the district judge's views because the jurisdictional status of the suit is not pellucid.) We also directed Klein to show cause why he should not be penalized for continuing his campaign of litigation in federal court after March 9, 2018, when *Klein v. O'Brien* told him that it must cease immediately.

He responded to that order with a contention that, because many people have wronged him (and continue to fight in state court about the allocation of attorneys' fees from the tort judgment), he is a victim entitled to relief. He also asserted that he should not be sanctioned because he had not filed any new federal suits after our decision. But he did not: (a) dismiss his appeals; (b) file his brief; (c) ask for an extension of time to file his brief; or (d) ask the district court for an indicative ruling under Circuit Rule 57.

Other parties and lawyers have filed motions for sanctions, observing among other things that Klein indeed commenced new federal litigation after March 9, 2018. Klein has opposed these motions. He also adds that his new suit should be ignored, for the purpose of sanctions, because he dismissed it on December 26, 2018. Klein's further filings indicate that he still believes himself aggrieved about

many matters and entitled to continue litigating (as a plaintiff or intervenor) about matters related to or arising from the 2002 accident.

It is evident from these events that Klein is unwilling, or unable, to desist from commencing or pursuing further accident-related litigation in federal court. Appropriate sanctions under Fed. R. App. P. 38 are essential to bring this campaign to a close. We now make these orders.

1. Appeals No. 18-2977 and 18-3337 are dismissed for want of prosecution. After we entered our order of December 13, 2018, Klein neither asked the district judge for an indicative ruling nor asked us for an extension of time to file his brief. That brief has been due since December 10, 2018, and remains delinquent. Klein has not been diligent in appellate litigation, and it would be unwarranted to require the appellees to bear the legal fees of responding to a belated appellate brief in a case that is at best substantively frivolous and at worst both frivolous *and* outside federal jurisdiction. Because the appeals are being dismissed, the district court's decision stands as the final disposition of *Klein v. Novoselsky*.

2. As a sanction for continuing to litigate these claims after March 9, 2018, the date of our decision in *Klein v. O'Brien*, Klein must reimburse defendants in *Klein v. Novoselsky* and any other suit he filed in federal court (including the one dismissed last month) for any attorneys' fees they have incurred, in the district court or this court, after that date. Klein also must pay a penalty of $1,000.

3. Defendants have 14 days to file statements of the attorneys' fees and costs reasonably incurred in dealing with Klein's federal litigation after March 9, 2018. Klein will have 14 days to respond to those statements.

4. If Klein does not pay these awards within 14 days of their entry, we will enter an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), suspending his right to litigate in the courts of this circuit until full payment has been made.