**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2019[*]
Decided June 20, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3457

| | |
|---|---|
| CHARLES JONES,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 8522 |
| ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br>    *Defendant-Appellee*. | Gary Feinerman,<br>*Judge*. |

**O R D E R**

Charles Jones, who is hearing impaired, sued his former employer—the Illinois Department of Children and Family Services—for harassment, retaliation, and discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* The district court entered summary judgment for the Department after Jones failed to contest the Department's statement of undisputed facts. The record, the judge concluded, shows beyond reasonable dispute

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

that the Department accommodated Jones's disability and fired him because of poor performance, not because of his disability or in retaliation for his previous discrimination suits.

Jones is proceeding pro se, so we liberally construe his filings. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). But Jones's appellate filing is not a meaningful brief. It consists only of a reprint of the district judge's decision, followed by a one-page narrative of his 21 years of employment at the Department, and concludes with a settlement offer. His narrative is largely irrelevant to his claims; contains no record or case citations; and does not engage with the district court's rationale that, on this record, a jury could not find the Department liable. To receive appellate review on the merits of a case, Federal Rule of Appellate Procedure 28(a)(8)(A) requires an appellant to supply a brief with "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies." *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). "[A]n appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success." *See Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018).

Because Jones's appellate filing presents no argument contesting the district court's reasoning, we DISMISS the appeal.