NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2019[*]
Decided July 30, 2019

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1096

| | |
|---|---|
| BELINDA SMITH, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:16 C 7441 |
| UNIVERSITY OF CHICAGO MEDICAL CENTER, <br>     *Defendant-Appellee*. | Marvin E. Aspen, <br> *Judge*. |

**O R D E R**

Belinda Smith, a former food-service worker at the University of Chicago Medical Center, sued her previous employer under the Americans with Disabilities Act, 42 U.S.C. §§ 12112, 12203, for discrimination, retaliation, and a hostile work environment. The district court entered summary judgment for the defendant because Smith never identified her disability, nor did she notify her supervisors of any disability; in fact, she testified at her deposition that she was not disabled. Smith

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

appeals, but her brief does not meaningfully engage with the district court's reasoning, so we dismiss the case.

At the summary-judgment stage, Smith did not propose any facts, submit evidence, or respond to the Medical Center's statement of proposed facts, as required by Northern District of Illinois Local Rule 56.1. We therefore recount the undisputed facts as they were presented by the Medical Center, still viewing them in the light most favorable to Smith. *See Flint v. City of Belvidere*, 791 F.3d 764, 766–67 (7th Cir. 2015).

In September 2014, Smith gave birth to a daughter and took a six-week leave from work. When she returned to the Medical Center's kitchen, her workplace performance—which already had been below par—gradually declined. Throughout 2014 and 2015, Smith received warnings from her supervisors about her "unsatisfactory work performance" and failure to comply with workplace procedures. Incidents often started when Smith disagreed with a co-worker or supervisor and ended with Smith yelling at or threatening that person. Smith also did not complete her duties on time and violated workplace rules, such as taking breaks without notifying a supervisor and maintaining her workstation in an unacceptable condition. After counseling from her supervisors, formal warnings, and a suspension, Smith was suspended again and ultimately fired. Her termination letter refers to multiple policy violations including threats of physical violence.

Smith timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and, after receiving her right-to-sue letter, filed this suit. In both filings, she alleges "disability" discrimination, but she never identifies her purported disability. She claims that she was fired and lost custody of her newborn daughter "to support the University of Chicago Medical Center's doctors' misdiagnosis." After discovery, the Medical Center moved for summary judgment. The district court granted the motion because there was no evidence of a disability.

On appeal, Smith makes clear that, as she said in her deposition, her grievance against the Medical Center has "nothing to do with" her employment there: it is about her daughter. She asserts that, after she gave birth in September 2014 at the Medical Center, a doctor allegedly "lied in [her] medical records." Smith never identifies the "lie" (or the "misdiagnosis," which we understand to be the same), but it was a severe enough accusation to prompt the Department of Children and Family Services to take Smith's daughter into custody shortly after her birth. Smith's parental rights were terminated, but, for years, she has visited her daughter and tried to get custody of her.

Unfortunately, Smith's story has little to do with disability discrimination—the claim she brought to the EEOC and the district court. Smith is proceeding pro se, so we liberally construe her filings. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). But we cannot entertain new facts or a new theory of relief on appeal. *See D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 800 (7th Cir. 2015). Thus, Smith's arguments related to her daughter exceed the bounds of this case.

Smith also asserts that the Medical Center retaliated against her by sending her a bill for over $144,000 in late 2014 and by referring her to the Department of Children and Family Services because she failed to pay a $75 insurance bill. But these arguments, though possibly relevant to a claim under the ADA, are undeveloped and unsupported by record evidence. Federal Rule of Appellate Procedure 28(a)(8)(A) requires an appellant's brief to contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies." *Accord Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Because Smith has not complied with those requirements, she has given us no basis for questioning the district court's decision.

DISMISSED