NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019[*]
Decided November 4, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2214

| | |
|---|---|
| HELENE TONIQUE WILLIAMS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19-cv-3743 |
| TONI PRECKWINKLE, et al., | Rubén Castillo, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Helene Tonique Williams, also known as "Helene Re Re T. Williams," a restricted filer in the Northern District of Illinois, sued Toni Preckwinkle, the City of Chicago, Cook County, and the Chicago Police Department's Seventh District, claiming that she was arrested, indicted, and deprived of her gun as retaliation against her for filing lawsuits. She now appeals the district court's termination of her case for failure to

---

[*] The appellees were not served with the complaint in the district court and so are not participating in this appeal. We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

comply with the restricted-filer rules. Because she does not offer any reason that the district court's action was erroneous, we dismiss the appeal.

The Executive Committee of the Northern District of Illinois designated Williams as a restricted filer after she filed 10 lawsuits in that district between June 19, 2018 and July 31, 2018. The order enjoined Williams from filing *pro se* any new civil cases in the district without first obtaining leave. The order set forth clear instructions for how Williams could obtain permission to file a new lawsuit and explained that leave would not be granted to file a legally frivolous complaint or one that duplicated existing cases. Williams appealed, but her appeal was dismissed for failure to prosecute. She continued to file lawsuits in the Northern District, and the Executive Committee eventually modified its order to require that her filings be returned to her unopened.

Perhaps to circumvent the filing restrictions, Williams initially filed this case in the Central District of Illinois. When the assigned judge saw that all the alleged conduct took place in the Northern District of Illinois, and that all the parties had addresses there, she appropriately transferred the case under 28 U.S.C. § 1404(a). The transfer automatically resulted in the creation of a new case number and docket in the Northern District of Illinois despite Williams's status as a restricted filer. Accordingly, the Executive Committee entered an order the next day stating that the docket "was electronically opened in error" and ordering that "the assignment of 19-cv-3743 shall be vacated." Williams appealed, and the Executive Committee granted her leave to proceed in forma pauperis.

On appeal, Williams again challenges her arrest, her indictment, and the confiscation of her gun. But her brief and appendix altogether fail to discuss the reason that her case was terminated: that Williams did not obtain leave from the Executive Committee to pursue it. Although we liberally construe *pro se* filings, "an appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success." *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018) (emphasis in original). Such a brief runs afoul of Federal Rule of Appellate Procedure 28(a)(8). *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (dismissing appeal when brief offered "no articulable basis for disturbing the district court's judgment" and simply repeated the allegations in the complaint).

We conclude by informing Williams that further frivolous appeals may result in sanctions. And failing to pay them might lead to an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), forbidding her from filing papers in any court within this circuit.

This appeal is frivolous, and therefore it is DISMISSED.