**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2020[*]
Decided June 30, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3195

| | |
|---|---|
| MICHAEL F. REESE, SR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CV-1041 |
| KRONES, INC., *Defendant-Appellee*. | William E. Duffin, *Magistrate Judge*. |

## O R D E R

Michael Reese sued his former employer, Krones, Inc., for failing to reasonably accommodate his disability under the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(A). The district court granted Krones's motion for summary judgment after concluding that Reese had not timely raised a reasonable accommodation claim in

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

the administrative proceedings that preceded the litigation. Because we agree with the district court that Reese failed to administratively exhaust his claim, we affirm.

Reese worked for Krones, a manufacturer, on its maintenance support staff, a job that required him to carry heavy objects, use heavy machinery, and spend most of his day standing and walking. After seven years with the company, Reese dual-filed a discrimination charge with the Equal Employment Opportunity Commission and the Wisconsin Department of Workforce Development Equal Rights Division, contending that Krones was discriminating against him on the basis of his age and disability. Reese, who in late 2015 had torn two tendons in his right ankle, alleged that his supervisors had disciplined him on several occasions because he worked too slowly as a result of his depression and ankle injury. In June 2017, while the Equal Rights Division was investigating the charge, Reese sent the investigator a follow-up letter detailing additional instances of alleged discrimination, including his supervisor's refusal to provide him a motorized cart. The investigator ultimately concluded that there was no probable cause to believe that that Krones had discriminated against Reese.

Reese appealed to an administrative law judge and, in the process, relayed that he also wanted to pursue a claim that Krones failed to reasonably accommodate his ankle injury. On December 15, 2017, Reese filed a proposed amended charge, alleging that, at some point in 2015, Krones had denied his requests for a motorized cart and to replace warped flooring on a bucket lift he operated. The ALJ rejected these allegations because the alleged misconduct occurred more than 300 days before the amended charge. Reese then voluntarily withdrew his administrative appeal. The EEOC assumed jurisdiction over the charge and later issued a right-to-sue letter.

Reese then sued Krones in federal court for failure to reasonably accommodate his disability; he did not allege discrimination based on his age or disability. During the proceedings, the parties clarified that Reese had requested the motorized cart in July 2016 and the bucket lift repairs in January 2017, not, as Reese had stated in his amended charge, in 2015.

In a motion for summary judgment, Krones argued that Reese had not administratively exhausted his reasonable accommodation claim, and the district court agreed. The court explained that Reese's original charge alleged only discrimination (i.e., disparate treatment) because of his age and disability, claims that were distinct from a failure to provide reasonable accommodations. *See Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018). Further, Reese's allegations in his amended charge about Krones's failures to accommodate him were not timely because the alleged conduct did

not occur within the 300 days preceding the amended charge. The court rejected Reese's argument that his follow-up letter to the Equal Rights Division investigator was a timely exhaustion of remedies because, the court explained, outside documents cannot be used to add new allegations to a charge, they can only "clarify or amplify" existing allegations. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851–52 (7th Cir. 2008).

On appeal, we first acknowledge Krones's request to strike Reese's brief for failure to comply with Federal Rule of Civil Procedure 28. We agree that Reese's opening brief fails to acknowledge the district court's reasons for granting summary judgment, much less make the case that he administratively exhausted a reasonable accommodation claim. *See* FED. R. APP. P. 28(a)(8). "[A]n appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success." *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018). Reese responds to the exhaustion issue in his reply brief, but arguments made for the first time in a reply brief are waived. *See Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019). Nonetheless, mindful of Reese's pro se status, we explain why the district court correctly entered summary judgment. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

Administrative exhaustion is a prerequisite to bringing a claim under the Americans with Disabilities Act. *See* 42 U.S.C. § 12117(a) (incorporating exhaustion requirement of § 2000e-5(e)(1)). Reese's original charge did not accuse Krones of a failure to reasonably accommodate his disability or mention the two examples he would later cite. And he could not add that claim in his later letter to the investigator because, as the district court correctly explained, the claim did not "relate[] to or grow[] out of the subject matter of the original charge." *Andonissamy*, 547 F.3d at 851 (quoting 29 C.F.R. § 1601.12(b)).

Even if Reese could add a new claim by way of a letter, however, his reasonable accommodation claim still would not have been timely. Reese was required to file an administrative complaint within 300 days of the challenged conduct. *See* 42 U.S.C. § 2000e–5(e)(1); WIS. STAT. § 111.39(1). Krones denied Reese's request for a motorized cart in July 2016, but he did not send his letter to the investigator until June 2017—too late for bringing a reasonable accommodation claim based on that incident. Further, although Krones refused to fix the bucket lift in January 2017, Reese did not mention that incident until he filed his amended charge on December 15, 2017, more than 300 days later. Because Reese did not timely exhaust the reasonable accommodation claim, the district court correctly entered summary judgment for Krones.

AFFIRMED