**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2020[*]
Decided November 5, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1243

| | |
|---|---|
| ROBERT E. HAMMERSLEY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-1853 |
| ROBERT WAGNER, *et al.*, *Defendants-Appellees*. | William C. Griesbach, *Judge*. |

---

[*] The defendants were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 20-1244

ROBERT E. HAMMERSLEY,                        Appeal from the United States District
   *Plaintiff-Appellant*,                    Court for the Eastern District of
              Wisconsin.


     *v.*                                   No. 19-C-1855

DUSTAN PETERSON, *et al.*,                    William C. Griesbach,
   *Defendants-Appellees*.                  *Judge*.


**O R D E R**

   Robert Hammersley has a history of drunk driving: In 2005, he pleaded guilty to operating a vehicle while intoxicated; in 2010, a jury found him guilty of the same; in 2018, he again was arrested and now faces fresh charges. He is currently on bail with electronic monitoring. Last year, he filed two federal lawsuits against people who appear to be the judges, prosecutors, defense attorneys, police officers, and probation officers in his criminal cases. In the first complaint, he listed 41 constitutional violations relating to the arrest and trial that led to his 2010 conviction, though he provided almost no facts about those events. In the second, he asserted that his most recent arrest and his bail conditions were unlawful. He was "not sure if any real actions [could] be instituted" against the defendants he named. Nonetheless, he requested damages and asked the district court to vacate his convictions, end his electronic monitoring, repeal the statutes under which he was charged, and dismiss his pending case. He also submitted 40 discs apparently containing evidence supporting his claims.

   The district court dismissed both complaints at screening, see 28 U.S.C. § 1915(e)(2), and entered final judgments against him. The complaints were "unintelligible" and (as the district court put it) read more like tables of contents than factual accounts of what happened to him. They thus each violated the rule requiring a complaint to contain a "short and plain statement" of his claims. FED. R. CIV. P. 8(a)(2). The court added that Hammersley also failed to state a claim upon which relief could be granted. Several of the individuals Hammersley named as defendants, it observed, were either immune to suit or were not "person[s]" subject to liability under 42 U.S.C. § 1983.

Hammersley responded with an identical 558-page "Motion for Reconsideration" in each case, appearing to expand on the constitutional violations he had asserted in his first complaint. He attached another 180 pages of exhibits. The court denied the motions. Because Hammersley's lengthy filing again ran afoul of Rule 8(a)(2), the court ruled, it would not construe the filing as an attempt to amend either complaint. And because his submission did not identify any legal errors in the order dismissing the complaints, there was no basis for vacating the judgment. Hammersley filed a notice of appeal in each case, and we consolidated the appeals for briefing and disposition.

We cannot decide the appeals on the merits, however. Hammersley's appellate brief, which appears to recite his grievances with the conduct of his 2010 trial, does not comply with Federal Rule of Appellate Procedure 28(a)(8). Although he is proceeding pro se, he still must make a discernable argument. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). His brief repeats at length a request for "judicial notice and judicial remedies" and asks this court for relief ranging from setting aside his drunk driving convictions from two different states to lifting his filing bar in the Wisconsin state court. But he does not address the district court's conclusions that his complaints violated federal pleading standards or that he failed to state any claim for relief, nor does he ask for a chance to amend his pleadings. See *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018) ("[A]n appellate brief that does not even try to engage the reasons the appellant lost has no prospect of success.") Indeed, Hammersley does not even distinguish between the two complaints that the district court dismissed. Although we "are generally disposed toward providing a litigant the benefit of appellate review," we will not concoct arguments or conduct legal research for him. *Anderson*, 241 F.3d at 545.

DISMISSED