**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2020[*]
Decided November 12, 2020

*Before*

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2216

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-cr-135-bbc |
| DARNELL W. MOON, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

After filing fraudulent tax returns on behalf of fellow inmates, Darnell Moon pleaded guilty to making false claims to the Internal Revenue Service in violation of 18 U.S.C. § 287. The district court sentenced him to fourteen months in prison, imposed a criminal-assessment penalty of $100, and fined him $500. Earlier this year, Moon filed

---

[*] The government was not served with process and is not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

two motions to suspend payments on the criminal-assessment penalty and the fine. The district court denied both motions as outside the scope of the statute. *See* 18 U.S.C. §§ 3572(c), 3573. Twenty-five days after the last denial, Moon filed a notice of appeal. Even though his appeal was filed beyond the 14-day deadline, *see* FED. R. APP. P. 4(b), we agreed to proceed to a disposition because the prescribed deadline to file a notice of appeal in a criminal case is a non-jurisdictional claim-processing rule. *See United States v. Sutton,* 962 F.3d 979, 982 (7th Cir. 2020).

Moon's appellate brief does not address the district court's basis for denying his motion to suspend payments. Instead, he discusses his restricted-filer status in another judicial district—the Southern District of Illinois—and unrelated civil cases he has sought to file there. But even pro se litigants must comply with Federal Rule of Appellate Procedure 28(a)(8), which requires that an appellate brief contain a cogent argument and reasoning to support it. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). "[A]n appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success." *Klein v. O'Brien,* 884 F.3d 754, 757 (7th Cir. 2018) (emphasis in original). To the extent Moon wishes to challenge the denial of his motions to suspend payments on his fine and criminal-assessment penalty, "we cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson,* 241 F.3d at 545.

DISMISSED