NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2021*
Decided May 19, 2021

*Before*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2850

| | |
|---|---|
| KAREN WELIEVER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | No. 1:19-cv-03960-JMS-DLP |
| ANDREW M. SAUL, | Jane Magnus-Stinson, |
| Commissioner of Social Security, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Karen Weliever, who was twice denied disability insurance benefits, appeals the district court's decision to uphold both denials. She argues principally that the administrative law judge who rejected her initial application three years ago was biased, but as the district court correctly explained, Weliever waited too long to challenge that

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

decision. Because Weliever raises no meaningful challenge to the denial of her second application, we affirm both aspects of the judgment.

Weliever first applied for disability insurance benefits in 2014, alleging a disability onset date in 2009. After holding a hearing on the application, an ALJ ruled that Weliever was ineligible for benefits because, during the time of her alleged disability, she worked part time, traveled, and played golf. Weliever sought review of that decision from the Appeals Council, which denied her request in January 2016. The Council told Weliever that she had 65 days from the date of that notice to seek review in federal court. The deadline and three more years passed with no federal filing.

In March 2016 Weliever submitted a second application for disability benefits. She alleged a new onset date, October 2014, after which she said she was incapable of working because of osteoporosis, bone spurs, fibromyalgia, and anxiety. A different ALJ presided over the claim and, after a hearing on this application, concluded that Weliever was not disabled. The Appeals Council again denied Weliever's request for review.

Within the time to challenge the second denial, Weliever filed this suit in 2019. She asked the district court to "reopen" her initial case and review the adverse ruling. She also appealed the second denial of benefits, contending that no substantial evidence supported that adverse finding. The district court ruled in favor of the Commissioner of Social Security in both respects. It first denied Weliever's request to review her initial case, explaining that her 2019 civil action challenging the denial of benefits in 2016 was untimely, because she did not file the action within 65 days of the decision. As for the denial of Weliever's second application, the district court concluded that substantial evidence supported the conclusion that Weliever was not disabled.

On appeal, Weliever principally challenges the district court's denial of her request that it review the ruling in her initial case, arguing that the presiding ALJ was biased against her. But Weliever does not question the reason that the district court gave for refusing to review the denial: Weliever had not timely challenged it. Although we liberally construe pro se filings, "an appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success." *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018) (emphasis in original). Such a brief runs afoul of Federal Rule of Appellate Procedure 28(a)(8), and we could dismiss her appeal on that basis.

For the sake of completeness, and mindful of Weliever's pro se status, we have independently examined the record and conclude that the district court's decision is

unassailable. Claimants like Weliever who seek judicial review of a final decision of the Commissioner ordinarily must sue within 65 days of the notice of that decision. *See* 42 U.S.C. § 405(g) (claimants must commence civil action within 60 days "after the mailing" of notice); 20 C.F.R. § 422.210(c) (presuming receipt of notice five days after the date of notice). This deadline may be extended for good cause. But Weliever waited more than three years to challenge the denial of her first application for benefits, and she does not argue that the time limit should be tolled. As a result, the Commissioner's findings and decision are binding. 42 U.S.C. § 405(h); *see also Bowen v. City of New York*, 476 U.S. 467, 479–80 (1986). In any case, Weliever bases her charge of bias on the ruling that the ALJ made against her, but "adverse rulings are not evidence of judicial bias." *Trask v. Rodriguez*, 854 F.3d 941, 944 (7th Cir. 2017).

Based on her complaint in the district court, Weliever challenged the decision to deny her second application for benefits. But on appeal her entire argument about the second denial consists of one unhelpful sentence—"I have nothing left to say." We construe pro se filings liberally but, as stated above, Weliever must engage with the reasons that she lost on that aspect of her case. *Klein*, 884 F.3d at 757. She does not.

Accordingly, the judgment of the district court is AFFIRMED.