NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 18, 2021[*]
Decided November 19, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-3453

| | |
|---|---|
| ERIC BERNARD,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>ROGER SCOTT, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division.<br><br>No. 3:15-cv-50277<br><br>Iain D. Johnston,<br>*Judge.* |

**O R D E R**

Eric Bernard sued officials of DeKalb County, Illinois, under 42 U.S.C. § 1983 for violating his rights under the First, Eighth, and Fourteenth Amendments during multiple detentions at the county jail since 2009. He alleged that jail staff failed to provide medical and mental-health services, improperly kept him in administrative

---

[*] After examining the briefs and record, we have concluded that the case is appropriate for disposition without oral argument. *See* FED. R. APP. P. 34(a)(2).

segregation, discriminated against him because of his race, retaliated against him for filing lawsuits, and restricted his access to religious services.

Both Bernard, who had the services of recruited counsel, and the defendants ultimately moved for summary judgment. The district court concluded that some of Bernard's claims were untimely, others were barred by a failure to exhaust administrative remedies, and his claims for injunctive relief were moot because Bernard was no longer in the DeKalb County Jail. (He is now in a state prison.) As to the rest, the court determined that Bernard failed to raise a genuine issue of material fact about any violation of his constitutional rights and therefore entered judgment for the defendants.

Bernard appealed and asked this court to recruit counsel for him. The motions judge denied the request while explaining that "the panel assigned to decide this case may recruit counsel if it finds that step appropriate after reviewing the briefs." The appeal proceeded to briefing, and after reviewing the parties' submissions, we conclude that the case must be dismissed.

In his appellate briefs, Bernard raises no arguments about his substantive claims and cites no authority. Instead, in both his opening and reply briefs, he asks for an attorney, asserting that he is incapacitated from a stroke and afflicted with mental illness, and that his jailhouse lawyer is being harassed. But without even a preview of the potential issues on appeal, we will not reconsider the denial of Bernard's motions for recruited counsel. Because Bernard does not engage with the issues on appeal, the defendants ask us to dismiss the appeal under Rule 28 of the Federal Rules of Appellate Procedure.

We liberally construe pro se filings, but we still must be able to discern a party's argument and the basis for it. FED. R. APP. P. 28(a)(8)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). We will not consider undeveloped arguments for remand or reversal; the appellant's brief must engage with the reasons that he lost. See *Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020); *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018). From Bernard's briefs, we discern no basis to disturb the district court's judgment, and we "cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson*, 241 F.3d at 545; see also *Jeffers v. Comm'r*, 992 F.3d 649, 653 (7th Cir. 2021).

DISMISSED