**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2021[*]
Decided December 16, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2304

| | |
|---|---|
| GLORIA MARIGNY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:18-cv-1386-BHL |
| CENTENE MANAGEMENT COMPANY LLC, *Defendant-Appellee*. | **Brett H. Ludwig**, *Judge*. |

**O R D E R**

Centene Management Company fired Gloria Marigny, citing numerous shortcomings in her job performance. She sued, alleging that she was fired because of her age and race and in retaliation for protected activity. The district court entered

---

[*] After examining the submissions and record, we have concluded that the case is appropriate for disposition without oral argument. FED. R. APP. P. 34(a)(2).

summary judgment for Centene. Marigny appealed, but her opening brief contains no argument. We therefore dismiss the appeal.

We view the record evidence in the light most favorable to Marigny. *See Tolliver v. City of Chi.*, 820 F.3d 237, 241 (7th Cir. 2016). Centene hired Marigny to be a healthcare service coordinator, a position that required extensive training. But during training Marigny fell asleep repeatedly, failed to retain information, and did not demonstrate the ability to perform core tasks. Centene assigned a second trainer to help Marigny grasp her job requirements, but the problems persisted. Centene also assigned two coworkers, called preceptors, to assist Marigny; both reported similar issues. At meetings with her direct supervisor to address her performance, Marigny blamed her shortfalls on inadequate training and malfunctioning technology. In response, her supervisor provided a third round of training and personally verified that Marigny's computer and software were working properly.

A short time later, Marigny failed to complete a training that was required for all Centene employees. On the day of the deadline to complete the training, Marigny's supervisor called to remind her about it. At that time, the supervisor realized that, despite specific training on the issue, Marigny's voicemail greeting did not adhere to the standards of the National Committee for Quality Assurance.

Marigny's supervisor confronted her about her failure to complete the training and her noncompliant voicemail greeting. Marigny said that she had not received any of the numerous reminder emails sent before the training deadline. Marigny also said that she was not given the necessary materials to create a compliant voicemail greeting. After the meeting, Centene's information technology department confirmed that someone opened the reminder emails in Marigny's inbox. And the supervisor confirmed that trainers previously told Marigny several times how to create a compliant message. Both issues placed Centene at risk of violating its contractual commitments to some of its customers. Marigny was then fired because, as her supervisor later testified, management concluded that she could not successfully perform her required duties.

Marigny sued, pro se, alleging that she was fired based on her age and race and in retaliation for complaints she previously filed (about another employer) with the Equal Employment Opportunity Commission, in violation of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. *See* 29 U.S.C. § 623; 42 U.S.C. § 2000e-2(a). After discovery, Centene moved for summary judgment and, in keeping with Civil Local Rule 56(a), informed Marigny of the consequences of not

submitting admissible evidence in response. Still, Marigny submitted none when she opposed the motion. The district court concluded that it was undisputed that Marigny was fired because of her inability to perform her job even after extensive training and remedial measures, and not because of her age or race. The court also determined that Centene did not retaliate against Marigny because it did not know about any prior protected activity.

Marigny appeals the district court's ruling and the denial of several motions for the judge's recusal, but her opening brief does not contain any narrative, let alone any argument for overturning the district court's decisions. *See* FED. R. APP. P. 28(a)(8). Instead, her filing consists of several documents she submitted to the district court that detail her grievances about her time with Centene. She does not engage with the reasons she lost, *see Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018), and although she raises a few cursory arguments in her reply brief, those arguments are waived because they were not included in her opening brief. *Wonsey v. City of Chi.*, 940 F.3d 394, 398 (7th Cir. 2019).

We are mindful that Marigny is pro se, and we construe her filings liberally. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Even so, we cannot ascertain her "contentions and the reasons for them" because she has not submitted any argument. *See* FED. R. APP. P. 28(a)(8)(A). And we cannot generate arguments or conduct legal research on her behalf. *Anderson*, 241 F.3d at 545. Therefore, this appeal is DISMISSED.