NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2022[*]
Decided February 18, 2022

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1698

| | |
|---|---|
| CHRISTOPHER S. PAUL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| | |
| *v.* | No. 14-cv-03259 |
| | |
| CHICAGO TRANSIT AUTHORITY, | John F. Kness, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Christopher Paul, a former bus driver with bipolar disorder, sued the Chicago
Transit Authority for allegedly failing to accommodate his disability and, after repeated
absences, firing him in retaliation for requesting accommodations. *See* 42 U.S.C.
§§ 12112(a), (b)(5)(A), 12203(a). The district court dismissed his accommodation claim as

---

[*] After examining the submissions and record, we have concluded that the case is
appropriate for disposition without oral argument. FED. R. APP. P. 34(a)(2).

untimely and entered summary judgment on his other claims. In a ruling spanning 35 pages, the court meticulously explained why Paul's accommodation claim was untimely and why the record contains no evidence from which a trier of fact could rationally infer that Paul's accommodation requests caused his firing.

Paul had the assistance of recruited counsel in the district court, but on appeal he is proceeding pro se, and he filed an appellate brief that does not address the district court's reasoning. Instead, he has merely copied verbatim his allegations from his second amended complaint; in fact, he did so multiple times under different headings. We liberally construe pro se filings, but we must be able to discern some argument in an appellate brief, even one from a pro se litigant, and simply repeating the contents of the complaint is not an argument. *See* FED. R. APP. P. 28(a)(8)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Paul's submission contains just one paragraph with a possible argument, and it refers only to the failure-to-accommodate claim. But even that lone paragraph does not discuss the district court's detailed reasoning that this claim was untimely. "[A]n appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success." *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018) (emphasis in original). We could dismiss Paul's appeal on that basis alone. *See Cole v. Comm'r of Internal Revenue*, 637 F.3d 767, 772–73 (7th Cir. 2011).

For the sake of completeness, we have independently examined the record on the accommodation claim—the only subject of that one paragraph—and conclude that the district court correctly ruled that it was untimely. To be timely, Paul needed to file a charge with the Equal Employment Opportunity Commission within 300 days of receiving notice of the denial of his accommodation request. *See* 42 U.S.C. § 2000e-5(e)(1); *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). Paul was notified of that denial, at the latest, on September 28, 2012, but he waited until August 6, 2013, to file his charge. That was 12 days beyond the 300-day limit.

AFFIRMED