NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 17, 2022*
Decided June 23, 2022

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1379

| | |
|---|---|
| KHALED SHABANI, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 21-cv-788-bbc |
| | |
| TONY EVERS, | Barbara B. Crabb, |
| *Defendant-Appellee*. | *Judge*. |

---

* The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. FED. R. APP. P. 34(a).

No. 22-1380

KHALED SHABANI,                                   Appeal from the United States District
        *Plaintiff-Appellant*,                        Court for the Western District of Wisconsin.


        *v.*                                          No. 21-cv-807-bbc


JOSEPH R. BIDEN, JR.,                             Barbara B. Crabb,
        *Defendant-Appellee*.                         *Judge*.


No. 22-1381

KHALED SHABANI,                                   Appeal from the United States District
        *Plaintiff-Appellant*,                        Court for the Western District of Wisconsin.


        *v.*                                          No. 22-cv-107-bbc


FEDERAL BUREAU OF                                Barbara B. Crabb,
INVESTIGATION,                                   *Judge*.
        *Defendant-Appellee*.


**O R D E R**

These three lawsuits are only the most recent examples of frivolous legal attacks that Khaled Shabani has made against government officials for asserted civil-rights violations. Because of his persistent abuse of the litigation process, we restricted him in 2020 from litigating in the circuit without fully prepaying the filing fee for any lawsuit. *Shabani v. City of Madison*, 828 Fed. App'x 330 (7th Cir. 2020). He paid the filing fee for two of his three new cases, in which he alleges police misconduct along the lines of claims he made in previously dismissed suits—police assaults against him and his minor child; a conspiracy among governmental entities to deprive him of his job, his property, and his marriage; and unlawful wiretapping of his phone. For these illegal acts, he blames Wisconsin Governor Tony Evers, President Joe Biden, and the Federal Bureau of Investigation.

The district court screened Shabani's complaints and dismissed them as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). The court found his claims "irrational and

wholly incredible," adding that they also were barred by claim preclusion because they were based on allegations identical to those he made in previously dismissed suits.

Shabani's brief on appeal recounts the injustices he says he has suffered, but it does not mention the district court's reasons for dismissing his complaint, much less offer any coherent argument addressing why we should disturb the court's judgment. *See* Fed. R. App. P. 28(a)(8); *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018). We will not "scour the record in an attempt to formulate a cogent argument" when an appellant has presented none. *Jeffers v. Comm'r*, 992 F.3d 649, 653 (7th Cir. 2021).

Finally, we warn Shabani that further frivolous litigation may lead to sanctions.

DISMISSED