NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2022[*]
Decided September 7, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 22-1465

| | |
|---|---|
| LA JUNE KELLY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-cv-1357-bhl |
| | |
| ILLINOIS CENTRAL SCHOOL BUS, | Brett H. Ludwig, |
| LLC, also known as NORTH | *Judge*. |
| AMERICAN CENTRAL SCHOOL BUS, | |
| LLC, | |
| *Defendant-Appellee*. | |

**O R D E R**

La June Kelly, an African American, was fired from her job as a bus driver after refusing to take a drug test following a serious collision. She sued her employer for race discrimination, and the district court entered summary judgment for the employer.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because Kelly failed to introduce sufficient evidence for a jury to find that her employer treated non-African American employees more favorably, we affirm.

We present the facts in the light most favorable to Kelly and draw reasonable inferences in her favor. See *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018); FED. R. CIV. P. 56. Kelly worked for Illinois Central School Bus as a bus driver. (The company also does business as "North American Central School Bus" and refers to itself as "North American" in its brief; we follow that convention here.) As part of her job, Kelly was subject to North American's drug-testing policy. The policy mandated testing a driver who was involved in a crash that resulted in either people requiring immediate offsite medical treatment or at least one vehicle needing to be towed from the scene. A driver could avoid testing only if North American ruled out the possibility that the driver contributed to the crash. North American also has a zero-tolerance policy. It requires the discharge of drivers who test positive or refuse to take a drug test, including refusing to provide a second urine sample when one is needed.

While Kelly was driving a bus back from a field trip in 2017, her bus was involved in a multivehicle crash. Kelly's supervisor arrived at the scene (which he later described as one of the worst school-bus crashes he had seen in his 20-year career in transportation). The bus was damaged but drivable; by contrast, all three other vehicles had to be towed from the scene. Additionally, some children on the bus were taken to a hospital for immediate treatment. After surveying the scene, the supervisor did not think that Kelly likely caused the crash, but he was not able to rule out that possibility.

Following the post-accident policy, on that day of the collision the supervisor took Kelly to a drug-testing center. Kelly provided a urine sample that was outside the acceptable temperature range, and a lab technician told her she would have to provide a second sample. Kelly refused. She insisted that she had to get home to care for her grandsons. The supervisor told her that her refusal to provide a timely second sample would count as a failed drug test. Even so, Kelly did not provide a second sample. Applying its zero-tolerance policy, North American fired her a few days later.

Kelly sued North American for race discrimination under 42 U.S.C. § 1981, and the case ended at summary judgment. In moving for summary judgment, North American argued (among other issues) that Kelly could not identify a similarly situated, non-African American employee whom North American treated more favorably. Kelly responded that Kevin Hussey, a white bus driver, had been involved in multiple accidents and never had to take a post-accident drug test. Noting (among other evidentiary problems) that these accidents did not result in people going to the hospital

or vehicles being towed, the district court concluded that Kelly did not present a prima facie case of race discrimination.

On appeal, Kelly proceeds pro se, and for her opening brief she submitted her counseled brief from the district court opposing summary judgment and a one-page cover sheet. Although we are mindful of Kelly's pro se status, see *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), she is still required to comply with Rule 28(a) of the Federal Rules of Appellate Procedure and include an argument explaining why the district court's decision was incorrect. *Cole v. Comm'r*, 637 F.3d 767, 772–73 (7th Cir. 2011); see *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018) ("[A]n appellate brief that does not even try to engage the reasons the appellant lost has no prospect of success."). We could dismiss her appeal for failing to comply with this rule. *Cole*, 637 F.3d at 773.

Still, we prefer to decide cases on the merits when we can, *Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 924 (7th Cir. 2015), and we can do so here. To defeat North American's motion for summary judgment on her § 1981 claim, Kelly had to supply sufficient evidence that could have allowed a rational jury to find that North American fired her because of her race. See *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). One of ways to meet this burden is proof that, among other things, North American treated a similarly situated employee outside Kelly's protected class more favorably. See *Sweatt v. Union Pac. R.R. Co.*, 796 F.3d 701, 708–09, 709 n.7 (7th Cir. 2015) (applying burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to § 1981 claims). In the district court, the only employee Kelly identified to support her claim was Hussey, a white bus driver whom, she asserted, North American never drug tested despite his multiple accidents.

But Kelly's reliance on a comparison with Hussey to support her discrimination claim fails because, as the district court correctly assessed, the undisputed facts show that she and Hussey differed in material ways. *Id.* at 709; *Simpson v. Franciscan All., Inc.*, 827 F.3d 656, 661 (7th Cir. 2016). None of Hussey's accidents resulted in injuries requiring offsite medical treatment or vehicles needing to be towed. Under North American's policy (the race-neutrality of which is uncontested), Hussey was thus not required to undergo post-accident drug testing. In contrast, Kelly's accident involved both immediate medical treatment and towing. Therefore, she was required to complete the testing unless North American could rule out the possibility that Kelly contributed to the accident. But Kelly's supervisor, observing the scene of the crash, could not reach that conclusion. This is enough to distinguish Kelly from Hussey and leave her claim of

race discrimination factually unsupported. See *Simpson*, 827 F.3d at 662; *Sweatt*, 796 F.3d at 709–10.

AFFIRMED