**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2022[*]
Decided November 21, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

Nos. 21-1136 & 21-1162

| | |
|---|---|
| REGINA WILBURN, personal representative of Keith Cleveland, deceased, | Appeals from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *Plaintiff-Appellant,* | |
| *v.* | Nos. 3:19-CV-420-JD-MGG & 3:19-CV-483-JD-MGG |
| KRISTOPHER KACZKA, et al., | Jon E. DeGuilio, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

In two suits consolidated for appeal, Keith Cleveland, a deceased inmate whose personal representative is the appellant, contends that prison staff violated his Eighth Amendment rights by stripping his cell of his personal items and by later moving him

---

[*] We have agreed to decide these cases without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

to another area of the prison. The district court entered summary judgment for the defendants. On the cell-stripping claim, it ruled that the deprivation lasted only a day, not long enough to violate the Eighth Amendment. For the claim about the intra-prison move, Cleveland did not exhaust his administrative remedies. Viewing the record de novo in the light most favorable to Cleveland, *see Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021), we affirm because Wilburn offers no valid reason to disturb these rulings.

## I.        Stripping of Cleveland's Cell (No. 21-1136)

When Cleveland was housed at Indiana State Prison in 2019, he spat at and disobeyed an officer. Sergeant Gordon responded by ordering that Cleveland's cell be "stripped" of personal items like his clothing, bedding, and inhaler (Cleveland is asthmatic). He asserts that he had to sleep naked and uncovered on a rusted metal bed, aggravating the pain in his neck (where a bullet was lodged) and his asthma, which he says Gordon knew about. As a result, he adds, he required medical care.

Cleveland sued Gordon for damages and his warden for injunctive relief under 42 U.S.C. § 1983, alleging that the removal of his clothing, bedding, and inhaler violated his Eighth Amendment rights. The district court allowed Cleveland to proceed on his claim against Gordon regarding his clothing and bedding and against the warden for injunctive relief. But because the claim about the disregard of his asthma duplicated his claim in another then-pending suit, *Cleveland v. Indiana State Prison Warden*, No. 3:19-CV-406-RLM-MGG, 2020 WL 1905157, at *1 (N.D. Ind. Apr. 17, 2020), the court did not allow it to proceed. Later, it entered summary judgment for the defendants. It ruled that the claims against the warden were moot because Cleveland had moved to another prison. As for Cleveland's claim about clothing and bedding, the court concluded that this deprivation lasted only 24 hours, not long enough to violate his Eighth Amendment rights. After the district court entered judgment, Cleveland died (for unknown reasons), and we allowed Regina Wilburn (his mother and personal representative) to proceed with the appeal. *See* FED. R. APP. P. 43(a)(1).

On appeal, Wilburn fails to engage with the district court's conclusion that a 24-hour deprivation of clothes and bedding does not violate the Eighth Amendment. And we have ruled that, although "disquieting," an inmate who had to sleep for two-and-a-half days on a "slab of metal" without bedding and in wet clothes suffered no Eighth Amendment violation, only a "temporary inconvenience" not "compounded by" the lack of other necessities. *Johnson v. Pelker*, 891 F.2d 136, 138–39 (7th Cir. 1989). We are mindful of Wilburn's pro se status, *see Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), but she is still required to comply with Rule 28(a) of the Federal Rules of

Appellate Procedure and explain why the district court's decision was incorrect. *Cole v. Comm'r*, 637 F.3d 767, 772–73 (7th Cir. 2011); *see Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018). She has not.

Still, we prefer to decide cases on the merits when we can, *Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 924 (7th Cir. 2015), and we can do so here. Rather than argue that Gordon violated Cleveland's rights by having him sleep naked on a bare frame, Wilburn contends that Gordon is culpable because he denied Cleveland his inhaler and treatment for asthma. We may assume that asthma is a serious condition and denying an asthmatic inmate his inhaler and treatment might violate the Eighth Amendment. *See Board v. Farnham*, 394 F.3d 469, 485 (7th Cir. 2005). But the district court ruled that, because Cleveland raised this claim in a separate suit, it would not let him duplicate the claim here. Wilburn does not contest this decision, nor could she: Courts have broad discretion to prevent duplicative suits. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012). The district court reasonably exercised that discretion here.

## II.       Moving Cleveland within the prison (No. 21-1162)

Medical staff authorized prison personnel to house Cleveland in the lower tiers of the prison because climbing many stairs aggravated Cleveland's asthma. Knowing this, Cleveland asserts, Sergeant Kristopher Kaczka twice moved him to cells in the upper tiers. After the second move, Cleveland fainted while walking up the stairs.

Cleveland sued Kaczka under § 1983 for violating his Eighth Amendment rights by deliberately ignoring his asthma. Kaczka moved for summary judgment, arguing that Cleveland did not exhaust his administrative remedies for relief. *See* 42 U.S.C. § 1997e(a). The Indiana State Prison requires that complaints about intra-facility transfers must be grieved through a procedure that includes a written, timely appeal if the offender is dissatisfied with the initial decision. Cleveland did not timely file the internal appeal. Accordingly, the district court granted Kaczka's motion.

Again, on appeal Wilburn ignores the court's ruling that Cleveland did not exhaust his administrative remedies. As we said above, we could dismiss this appeal for failure to comply with Rule 28(a) of the Federal Rules of Appellate Procedure, but we can decide the case on the merits. *Boutros*, 802 F.3d at 924.

Wilburn asserts that she called the prison multiple times, asking staff to move her son back to the lower tier. These calls are not part of the district court's record, but even if they were, they would not impair the ruling that Cleveland failed to exhaust. To exhaust, an inmate must comply with the prison's rules for filing written grievances

and appeals. *See Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Wilburn's phone calls did not satisfy those rules.

Finally, Wilburn's opening briefs raises new claims—such as asserting that prison staff retaliated against Cleveland for past grievances and lawsuits. But because Cleveland never advanced these claims before the district court, they are waived. *See Siddique v. Laliberte*, 972 F.3d 898, 905 (7th Cir. 2020).

AFFIRMED